**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**CHRISTOPHER ROBINSON,**

**Plaintiff,**

**v.**

**Civil Action 1:24-cv-286**
**Judge Michael R. Barrett**
**Magistrate Judge Chelsey M. Vascura**

**ADDISON GATES, *et al.*,**

**Defendants.**

**OPINION AND ORDER**

Plaintiff, Christopher Robinson, sues Defendants, the City of Middletown and two City of Middletown police officers, for unlawful arrest, denial of procedural due process, and excessive force under 42 U.S.C. § 1983 arising from a June 21, 2022 traffic stop. (2d Am. Compl., ECF No. 20.) This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint *Instanter* (ECF No. 66.) For the reasons below, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

Plaintiff commenced this action without the assistance of counsel on May 17, 2024, when he was still an inmate at the Butler County Jail. (ECF No. 1.) His original Complaint named as Defendants the City of Middletown Police Department and two Middletown police officers identified as John Doe and John Roe. (ECF No. 2-1.) Plaintiff alleged that Doe and Roe pulled him over in June 2022 for failure to signal and, after Plaintiff declined to consent to a search of his vehicle, employed excessive force by intentionally squeezing the site of a recent surgery incision on Plaintiff's shoulder and slamming him to the ground. Plaintiff was arrested and taken

to Middletown Jail, but all charges were later dropped. (*Id.* at 5.) After performing an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e), 1915A(b), the Court concluded that Plaintiff could proceed on his individual-capacity Fourth Amendment claims for excessive force against Defendants John Doe and John Roe, but dismissed his claims against the City of Middletown or its police department and any official-capacity claims against Doe and Roe. (ECF Nos. 3, 5.) The Court also advised Plaintiff that he may serve a subpoena on the City of Middletown to learn the names of the officers involved in the traffic stop. (ECF No. 3.)

Plaintiff's attempts to learn the identities of the officers, to effect service of process over them, and to seek entry of default when Defendant Gates failed to timely answer were fraught with missed deadlines and failure to update Plaintiff's address with the Court. Over the period of September 2024 through January 2026, the Court granted Plaintiff six extensions of time (ECF Nos. 10, 16, 35, 38, 43, 52), issued six show cause orders (ECF Nos. 7, 12, 32, 41, 53, 57), and issued two recommendations of dismissal of some or all of Plaintiff's claims (ECF No. 14, 58).

Plaintiff was represented by counsel for part of this time. On January 31, 2025, attorney Andrea M. Seielstad filed a "Notice of Limited Appearance of Counsel" for the purpose of filing a motion to amend to amend the complaint. (ECF No. 19.) The Court granted the motion to amend (ECF No. 21) and Ms. Seielstad filed a "Second Amended Complaint" ("SAC," ECF No. 20), apparently construing Plaintiff's December 18, 2024 one-page document listing the officers' names (ECF No. 9) as the "First Amended Complaint." The SAC identified Addison Gates and Evan Mosley as Defendants, retained Plaintiff's Fourth Amendment excessive force claims against them, and also added claims against Gates and Mosely for Fourth Amendment unlawful arrest and Fourteenth Amendment denial of procedural due process. The SAC further re-named the City of Middletown as a Defendant, alleging that Gates and Mosely's actions were taken

pursuant to a municipal policy or custom. (ECF No. 20.) On February 18, 2025, Ms. Seielstad reiterated the limited nature of her appearance for Plaintiff and asked that all future Court documents be provided directly to Plaintiff. (ECF No. 26.) Four months later, on June 23, 2025, Plaintiff's current counsel, attorney Robert Thompson, filed a notice of appearance. (ECF No. 36.) Three of the extensions, three of the show cause orders, and one of the recommendations of dismissal were issued during Mr. Thompson's tenure as Plaintiff's counsel. (*See* ECF Nos. 38, 41, 43, 52, 53, 57, 58.)

After Plaintiff finally obtained service over all Defendants, and after all Defendants answered the SAC, the Court issued a scheduling order on February 13, 2026. (ECF No. 65.) That Order required that motions or stipulations addressing the parties or pleadings, if any, must be filed on or before March 27, 2026. (*Id.*) The Order also set the discovery deadline at August 13, 2026, and the dispositive motions deadline at September 14, 2026. (*Id.*)

The subject motion for leave to file a Third Amended Complaint ("TAC") followed on May 22, 2026, nearly two months after the deadline for motions to amend the pleadings. (ECF No. 66.) Plaintiff seeks leave to amend to "clarif[y] the constitutional theories, add[ ] claims arising from the same episode, and place[ ] the claims in a cleaner pleading posture now that undersigned counsel has reviewed the matter." (*Id.* at 2.) The TAC would add new First Amendment freedom of expression and retaliation claims, a new Fourth Amendment malicious prosecution claim, and state-law claims for assault and battery. (ECF No. 66-1.) Defendants oppose the motion, contending that Plaintiff has been dilatory in seeking leave to amend and that Defendants would be prejudiced by amendment at this stage. (ECF No. 67.)

## II. STANDARDS GOVERNING PLEADING AMENDMENTS

District courts are required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P.

16(b)(3)(A). When, as in this case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for

futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

## III. ANALYSIS

Plaintiff has not shown good cause to extend the deadline for motions to amend the pleadings. Under Rule 16, Plaintiff must demonstrate that he acted diligently in attempting to comply with the deadline to amend the pleadings. Plaintiff has not done so. Plaintiff's only allusion to diligence is that Plaintiff sought leave to amend after his counsel "reviewed the matter." (ECF No. 66 at 2.) Absent from Plaintiff's Motion is any explanation for why Plaintiff's counsel did not "review the matter" for nearly a year after he entered his appearance in the case. (*See* June 23, 2025 Notice of Appearance (ECF No. 36); May 22, 2026 Motion For Leave to Amend (ECF No. 66).) Nor does Plaintiff explain why his counsel could not have "reviewed the matter" prior to the March 27, 2026 deadline for motions to amend the pleadings. Given the *many* missed deadlines and extensions of time afforded to Plaintiff, both before and after he retained counsel, the Court is disinclined to give Plaintiff the benefit of the doubt that he acted diligently in seeking leave to amend. Indeed, Plaintiff's Motion offers no facts on which the Court could rely to conclude that Plaintiff could not have sought leave to amend his Complaint—with facts and legal theories that were available to Plaintiff from the outset of the case—before the amendments deadline. *See*, *e.g.*, *Huang v. Ohio State Univ.*, No. 2:19-CV-1976, 2021 WL 1289767, at *2 (S.D. Ohio Apr. 7, 2021) ("the test is not whether Plaintiff *realized* she wanted to amend her Complaint prior to the deadline; rather, Rule 16 requires Plaintiff to demonstrate that she *could not have*, despite the exercise of reasonable diligence, sought leave to amend prior to the deadline.") (citing *Leary*, 349 F.3d at 906) (emphasis in original); *Stanich v. Hissong Grp., Inc.*, No. 2:09-CV-143, 2011 WL 1560650, at *4 (S.D. Ohio Apr. 25, 2011) ("the focus of the

[Rule 16 diligence] issue is whether the information could have been discovered [ ] with any diligence, prior to the scheduling deadline. . . . There is no doubt here that not only could such information have been discovered by the defendants prior to the deadline, but, by their own admission, it was.").

The Court must also consider possible prejudice to Defendants as a result of extending the pleading amendment deadline. Given the stage of the case, with the discovery deadline rapidly approaching, Defendants could be prejudiced by permitting amendment at this time. *See, e.g.*, *Leary*, 349 F.3d at 892 ("Defendant would suffer prejudice by allowing this amendment which would require the reopening of discovery at this late stage of the proceedings."); *Sterling Jewelers Inc. v. Alex & Ani, LLC*, No. 5:17-CV-2540, 2019 WL 95842, at *3 (N.D. Ohio Jan. 3, 2019) ("Given that the periods for non-expert and expert discovery have expired, and the January 15, 2019 dispositive motion deadline is fast approaching, any extension of the discovery periods would have the cascading effect of jeopardizing the Court's remaining dates and deadlines."). And even if Defendants were not prejudiced by the extension, lack of diligence by the movant—the "primary measure" of Rule 16's good cause standard, *Inge*, 281 F.3d at 625—should ordinarily carry more weight than lack of prejudice to the nonmovant. *See Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 460 (S.D. Ohio 2021) ("Prejudice to the non-moving party is a relevant consideration in a 16(b) analysis, but the main focus should remain on the moving party's exercise of diligence.") (cleaned up). Accordingly, Plaintiff's Motion is **DENIED**.[1]

[1] Because Plaintiff has failed to show good cause to extend the deadline for motions to amend the pleadings under Rule 16, the Court need not consider whether leave to amend should be granted under Rule 15.

## IV. DISPOSITION

For these reasons, Plaintiff's Motion for Leave to Amend Complaint *Instanter* (ECF No. 66) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE